IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RHASHEMA SHANTAE DERAMUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv668-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On July 2, 2014, federal inmate Rhashema Shantae Deramus ("Deramus") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1]  Doc. No. 1. Deramus challenges her 2013 guilty plea convictions and sentence for theft of government money (by fraudulently obtaining income tax refunds), in violation of 18 U.S.C. § 641; aiding and abetting access-device fraud, in violation of 18 U.S.C. §§ 1029(a)(5) & 2; aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) & 2; and aiding and abetting the possession of unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) & 2.  She was sentenced to 120 months in prison.

The government maintains Deramus's § 2255 motion is time-barred because it was

---

[1] Although Deramus's § 2255  motion was date-stamped as received in this court on July 10, 2014, under the "mailbox rule," the court deems her motion filed on the date she delivered it to prison authorities for mailing, presumptively, July 2, 2014, the day that she signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

filed after expiration of the one-year limitation period.  *See* Doc. No. 3 at 5-6.  For the reasons indicated below, the court concludes the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

## II.  DISCUSSION

*One-year Limitation Period*

The timeliness of Deramus's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That section provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting  the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On August 29, 2012, Deramus pled guilty under a plea agreement to one count of theft of government money, two counts of aiding and abetting access-device fraud, two counts of

aiding and abetting aggravated identity theft, and one count of aiding and abetting the possession of unauthorized access devices.[2]  On May 21, 2013, the district court sentenced her to 120 months in prison.  Judgment was entered by the district court on May 23, 2013.  Deramus took no appeal.  Therefore, her conviction became final on June 6, 2013, fourteen days after the district court entered judgement.[3]  *See* Fed.R.App.P. 4(b)(1).  Under 28 U.S.C. § 2255(f)(1), Deramus had until June 6, 2014, to file a timely § 2255 motion.  Her § 2255 motion filed on July 2, 2014,[4] is untimely under § 2255(f)(1) and, absent statutory or equitable tolling, is time-barred from review.

*Statutory Tolling*

Deramus sets forth no facts or arguments indicating that any of the statutory tolling provisions of § 2255(f)(2) - (4) should control the limitation period in her case.  Specifically, she has not shown that some unconstitutional governmental action impeded her from filing her §2255 motion at an earlier date, *see* § 2255(f)(2); or that her claims rest on an alleged

---

[2] Deramus was named in a 34-count indictment.  Under the plea agreement, she pled guilty to 6 of the 34 counts, in exchange for dismissal of the remaining counts.  Fourteen of the remaining counts charged aggravated identity theft.

[3] A federal criminal judgment that is not appealed becomes final for the purpose of § 2255 when the time for filing a direct appeal expires.  *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004).

[4] In her § 2255 motion, Deramus claims her trial counsel rendered ineffective assistance by (1) telling her that if she pled guilty she would receive a sentence of only two years in prison with the rest to be served on probation, thereby inducing her to plead guilty rather than go to trial; (2) failing to object to the presentence investigation report; (3) failing to interview or cross-examine witnesses; and (4) and acting with "deliberate indifference and malicious intent."  *See* Doc. No. 1 at 4-8.  She also seems to argue that the sentence enhancements applied by the district court violated the holding of *United States v. Alleyne*, ___ U.S. ___, 133 S.Ct. 2151 (2013).  *See* Doc. No. 1 at 9-13.

"right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2255(f)(3); or that she has presented grounds for relief that could not have been put forth earlier under the exercise of due diligence, *see* § 2255(f)(4).

*Equitable Tolling*

Nor does Deramus demonstrate that the extraordinary remedy of equitable tolling of the one-year limitation period should be applied in her case.  In *Holland v. Florida.*, 560 U.S. 631 (2010), the Supreme Court confirmed that the limitation period is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In response to an order of this court allowing her to show cause why her § 2255 motion should not be dismissed as untimely, Deramus asserts that the tardy filing of her motion should be excused because she was unable to discover the facts necessary to support her claims after this court denied her requests for documents she says were necessary for her to "perfect her case."  Doc. No. 8 at 2.  The court's records reflect that on March 10, 2014, and April 30, 2014, this court denied requests from Deramus seeking free copies of her plea agreement and sentencing transcript.  *See* Case No. 2:11cr198-MEF, Doc. Nos. 65, 66, 67 & 69.  In denying Deramus's requests, this court found she had not shown good cause for the

4

court to depart from its general policy of not providing plea agreements and other sealed documents to inmates and, further, that she had not demonstrated she had attempted without success to get access to a copy of the plea agreement through her former counsel. *Id.*, Doc. Nos. 66 & 69. In addition, the court noted that because Deramus had not yet filed a § 2255 motion, she was not entitled to free copies of her transcripts. *Id.*, Doc. No. 69.

Deramus fails to show that the delay in filing her § 2255 motion resulted from extraordinary circumstances beyond her control and unavoidable with the exercise of diligence.[5] She participated in the guilty plea and sentencing proceedings from which her § 2255 claims arise. She therefore had either actual or constructive knowledge of the factual basis for each of the claims presented in her § 2255 motions. Moreover, she does not establish – or attempt to establish – how the documents she sought from this court were necessary for her to present her claims in a timely § 2255 motion. Consequently, Deramus is not entitled to equitable tolling of the limitation period.

In sum, Deramus's § 2255 motion is time-barred. Because her motion is untimely under § 2255(f), this court will not consider the merits of her claims for relief.

---

[5] On about May 22, 2014, Deramus filed a Motion Requesting an Extension of Time to File a Motion Pursuant to 28 U.S.C. § 2255, in which she sought a 60-day extension to submit a § 2255 motion. Case No. 2:11cr198-MEF, Doc. No. 70. The court denied that motion on May 30, 2014, advising Deramus that a district court has no authority to grant an extension of time to file a § 2255 motion before an actual § 2255 motion has been filed, *see Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001), and that it would be inappropriate for the court to construe her extension request as an actual § 2255 motion because it did not articulate any basis in fact or law for relief pursuant to § 2255. *Id.*, Doc. No. 71 at 1. In addition, the court cautioned Deramus that, if she wished to seek relief under 28 U.S.C. § 2255, she must still file a substantive § 2255 motion within § 2255(f)'s one-year deadline to preserve any remedies she may have under the statute. *Id.* at 1-2.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 24, 2014.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 10th day of October, 2014.


_____/s/ Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE