IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RHASHEMA SHANTAE DERAMUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:14-cv-668-WHA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #9), filed on October 10, 2014, and the Petitioner's objection thereto (Doc. #10), filed on October 27, 2014. The court has conducted an independent evaluation and *de novo* review of the file in this case and finds as follows:

The Magistrate Judge recommended that this 28 U.S.C. § 2255 motion be denied, finding the motion to be time-barred.

The Petitioner's objections and arguments for accepting her otherwise untimely 2255 motion are based mostly on her alleged ignorance of the law, which is not a recognized basis for equitable tolling.

She also reiterates arguments that the tardy filing of her motion should be excused because (she says) she was unable to discover the facts necessary to support her claims after this court denied her requests for documents which she says were necessary for her to perfect her case. As noted in the Recommendation the court's records reflect that on March 10, 2014,and April 30, 2014 (before Deramus had filed a 2255 motion), this court denied requests from Deramus seeking free copies of her plea agreement and sentencing transcript.   In denying

Deramus's requests, this court found she had not shown good cause for the court to depart from its general policy of not providing plea agreements and other sealed documents to inmates and, further, that she had not demonstrated she had attempted without success to get access to a copy of the plea agreement through her former counsel.  In addition, the court noted that because Deramus had not yet filed a 2255 motion, she was not entitled to free copies of her transcripts.

Deramus fails to show that the delay in filing her 2255 motion resulted from extraordinary circumstances beyond her control and unavoidable with the exercise of diligence. She participated in the guilty plea and sentencing proceedings from which her 2255 claims arise. She therefore had either actual or constructive knowledge of the factual basis for each of the claims presented in her 2255 motions. Moreover, she does not establish – or attempt to establish – how the documents she sought from this court were necessary for her to present her claims in a timely 2255 motion.

For these reasons, the court finds the Petitioner's objection to be without merit, and it is hereby ORDERED as follows:

1. Petitioner's objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This 28 U.S.C. § 2255 motion is DENIED, as it was not filed within the controlling federal limitation period.

4. This case is DISMISSED with prejudice.

DONE this 13th day of November, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE